IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SEAN L. FARLEY,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

Case No. 6:15-cv-00643-AA
ORDER

AIKEN, Judge:

Plaintiff Sean L. Farley seeks attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security ("Commissioner") opposes plaintiff's motion. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income in 2011, alleging disability beginning in 2006 due to hemophilia, hepatitis B and C, severe arthritis, carpal tunnel syndrome, depression, and extreme high blood pressure. Tr. 218, 222, 239. On July 23, 2013,

Page 1 - ORDER

an Administrative Law Judge ("ALJ") denied plaintiff's claim for benefits. Tr. 18. On February 13, 2015, the Appeals Council declined review. Tr. 1. On June 27, 2016, this Court reversed and remanded for further proceedings. *Farley v. Colvin*, 2016 WL 3509386 (D. Or. Jun. 27, 2016). Having successfully obtained a remand, plaintiff timely filed a motion for attorney fees in the amount of $5,985.22.

## STANDARD OF REVIEW

A party that prevails against the United States government in a civil action is entitled, under certain circumstances, to an award of attorney fees under the EAJA. 28 U.S.C. § 2412. In pertinent part, the EAJA provides:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, the EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. The court must first ascertain if the plaintiff was a prevailing party; if so, the court must then evaluate whether the government was substantially justified in its position and whether other special circumstances exist that make an award of attorney fees unjust. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). If the government proves it was substantially justified, attorney fees will not be awarded to the plaintiff. *Id.*

## DISCUSSION

It is undisputed plaintiff is a prevailing party and therefore satisfies the first requirement for an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A). *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Further, the Commissioner does not object to the amount of hours expended, the amount of costs, or the requested hourly rate. *See generally* Def.'s Resp. Mot. Att'y Fees. I have reviewed the petition and find the requested fee amount reasonable. *Hensley v. Eckerhart*, 461 U.S.

424, 433 (1983). Accordingly, plaintiff's entitlement to attorney fees hinges on "whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

A federal court is "require[d] to award fees when 'the [Commissioner's] position on the . . . issues that led to remand was not substantially justified.'" *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014) (quoting *Flores*, 49 F.3d at 564) (emphasis omitted)). In order to overcome the presumption attorney fees will be awarded under the EAJA, the government has the burden to demonstrate its position had "a reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 564 (1988). The requirement applies both to "the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the court "need not address whether the government's litigation position was justified." *Id.* at 872.

When the agency's decision is not supported by substantial evidence, that is a "strong indication" the government's position in the underlying agency action was not substantially justified. *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005). It is the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (citation and quotation marks omitted). This is because there is "significant similarity" between the deferential "substantial evidence" standard for review of the Commissioner's disability determination and the "substantially justified" standard under the EAJA. *Meier*, 727 F.3d at 872.

In this case, remand for further proceedings was necessary because the ALJ failed to provide specific, legitimate reasons to discredit the opinion of Dr. Taylor, plaintiff's treating physician. *Farley*, 2016 WL 3509386 at *4. The ALJ provided a single reason for discrediting Dr. Taylor's opinion: purported inconsistencies between Dr. Taylor's treatment notes and his statements that plaintiff could lift 10 pounds only occasionally and would miss work more than two days per month. Tr. 28-29. This Court held that "[c]ontrary to the ALJ's conclusion, Dr. Taylor's opinion is not

Page 3 - ORDER

inconsistent with his own treatment notes or the medical record." *Farley*, 2016 WL 3509386 at *4.

The government argues the ALJ was substantially justified in discrediting Dr. Taylor's opinion because, "when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." Def.'s Resp. Mot. Att'y Fees at 3 (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). But here, the ALJ did not reject Dr. Taylor's opinion because it was *inadequately supported by* treatment notes — he rejected Dr. Taylor's opinion because it was *inconsistent with* treatment notes. This Court is "constrained to review the reasons the ALJ asserts" on appeal. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). I cannot find the Commissioner's position in the proceedings below substantially justified based on a rationale the ALJ did not provide.

This Court also remanded because the ALJ erred at step two. Specifically, this Court held the ALJ erred in failing to designate plaintiff's shoulder impingement "severe" at step two. *Farley*, 2016 WL 3509386 at *5. This Court also found the ALJ's failure to consider the relationship between arthritis, hemophilia, and potential joint pain "raise[d] serious questions about whether the . . . decision at step two rested on a complete and correct understanding of the record." *Farley*, 2016 WL 3509386 at *5.

The government contends the ALJ's step-two analysis was substantially justified because the "erroneous omission of an impairment at step two is harmless where the ALJ considers any limitations stemming from that impairment at later steps of the sequential evaluation process." Def.'s Resp. Mot. Att'y Fees at 4 (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)). This argument is foreclosed by the prior opinion, in which this Court held it was not possible to "conclude the errors at step two were harmless" because "[t]he inclusion of arthritis or hempophilic arthropathy in the list of severe or nonsevere impairments could change the formulation of the RFC and what jobs are available to the plaintiff." *Farley*, 2016 WL 3509386 at *5.

## CONCLUSION

This is not the "decidedly unusual case" where the Commissioner's decision, though

Page 4 - ORDER

unsupported by substantial evidence, meets the substantial justification standard. *Thangaraja*, 428 F.3d at 874. Accordingly, plaintiff's EAJA application (doc. 26) is GRANTED. Plaintiff is awarded fees in the sum of $5,985.22.

IT IS SO ORDERED.

Dated this 21 day of November 2016.

　　　　　　　　　　　　　　/s/ Ann Aiken
　　　　　　　　　　　　　　Ann Aiken
　　　　　　　　　　　　　　United States District Judge